[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant, Terry Brown, appeals pro se from the judgment of the Hamilton County Municipal Court holding that funds in the bank account of the defendant-appellee, Yvette Jennings, held pursuant to a garnishment, have to be returned to her and granting satisfaction of Brown's judgment. Brown contends in his single assignment of error that the court committed error when it overruled his objections to the report of the magistrate without considering the evidence or the exhibits. We disagree.
As the magistrate observed, this litigation has a long history. On September 18, 1997, Brown obtained a $3,000 judgment against Jennings in the small claims court. Jennings subsequently filed for bankruptcy. The parties entered into an arrangement outside the bankruptcy in which Jennings agreed to pay Brown in $100 monthly installments by the fifteenth day of each month, beginning on January 15, 1999, until $1,600 was paid. No interest was to accrue if payments were timely made.
On February 14, 2000, Brown filed a garnishment against Jennings's funds deposited in the Fifth Third Bank, claiming that Jennings still owed him $1,028. At the exemption hearing requested by Jennings pursuant to R.C. 2716.13(C)(2), Brown claimed that he was entitled to interest because Jennings had made late payments. Brown and Jennings testified at length, but the record is silent as to whether they were under oath. Jennings offered her cancelled checks in the amount of $1,300, from which the magistrate concluded that three payments totaling $300 were in dispute. Jennings told the magistrate that she had mailed two checks and ordered a "money-gram," but that Brown had not picked up his mail at his post office box or the money-gram at a Kroger store. Brown disputed her statement. The magistrate found that Jennings had made "a couple of double payments" and was never in default. The magistrate ordered that the funds held in garnishment be returned, allowed Jennings to pay the $300 balance to the clerk, and entered a satisfaction of judgment. The magistrate returned Jennings's exhibits to her without objection. The court overruled Brown's objections to the magistrate's decision.
In his assignment of error, Brown appears to contest the denial of his request for a continuance, the failure of the court to review the exhibits in ruling on his objections to the report of the magistrate, and the manifest weight of the evidence. Although his brief does not comply with App.R. 12(A)(1)(b) and 16(A)(3), we address those issues he raises in his argument. Jennings has not filed a brief.
Brown told the magistrate that he wanted a continuance because he had received one week's notice of the hearing. But the transcript of the exemption hearing does not reflect that he was handicapped in any way from testifying or that he was prejudiced in stating his claim. We hold that the magistrate did not abuse her discretion in denying Brown's request for a continuance. See State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078, syllabus.
Brown next challenges the order approving the decision of the magistrate on the ground that the trial court did not have the exhibits before it. The transcript of the magistrate's hearing was before the court for review of the objections, but Jennings's exhibits were missing because the magistrate, on the record and without objection from Brown, had returned them to Jennings. Brown did not make an application to the court to consider this evidence or attempt to proffer the missing checks under Civ.R. 53(E)(4). The appellant has the obligation to preserve any error claimed. Brown's failure to object to the return of the exhibits to Jennings and to make them a part of the record limits our review of the municipal court's factual findings to an abuse-of-discretion standard. See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 654 N.E.2d 1254. In approving the magistrate's decision, we hold that the municipal court did not abuse its discretion.
Finally, Brown contends that the magistrate based her decision concerning payment on false testimony and Jennings's statement. He disputes her claim that she had mailed the checks and was told by the post office that he had not picked up his mail for over a month. In cases such as this, where the evidence is confusing and often subject to more than one interpretation, we are guided by the principle that the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. A judgment supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence. See Myers v. Garson (1993),66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745. Brown's argument that the magistrate did not have statutory authority in an exemption hearing to allow Jennings to pay to the clerk the balance determined to be owing to Brown, if error, was obviously harmless.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.